# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| DIANNA L. GRAHAM, ET AL., | )<br>) |
| Plaintiffs, | ) Case No. 1:13CV00011<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| CONSOLIDATION COAL COMPANY, ET AL., | ) By: James P. Jones<br>) United States District Judge<br>) |
| Defendants. | ) |

*Terrence Shea Cook, T. Shea Cook, P.C., Richlands, Virginia, for Plaintiffs; James R. Creekmore, Keith Finch, and Blair N.C. Wood, The Creekmore Law Firm PC, Blacksburg, Virginia, Jonathan T. Blank and Kristin Davis, McGuireWoods LLP, Charlottesville, Virginia, and David G. Altizer and Mandy Varney French, Altizer, Walk and White PLLC, Tazewell, Virginia, for Defendants.*

Pending before the court is Defendants' Motion to Dismiss Plaintiffs' Complaint and, in the Alternative, Motion for a More Definite Statement.[1] For the reasons stated, the motion will be granted in part and denied in part.

---

[1] The motion is in response to the plaintiffs' Amended Complaint, referred to by the plaintiffs as a "Corrected Complaint." (ECF No. 4.) The initial Complaint contained deficiencies in its allegations of subject-matter jurisdiction, among other procedural problems, and the court directed that an amended complaint be filed in order to correct those deficiencies. (Order, Feb. 5, 2013, ECF No. 2.)

I

The gist of the plaintiffs' claim in this lawsuit is that a mining company, faced with getting rid of excess wastewater from an underground coal mine, and prohibited from discharging the water into local streams, diverted the water instead into the underground voids in another mine it controlled located beneath the plaintiffs' land. For this conduct, the plaintiffs seek compensatory and punitive damages, as well as injunctive relief.[2]

More specifically, it is alleged by the plaintiffs that they are the owners of real property called the Beatrice Tracts located in Buchanan County, Virginia, in this judicial district, which ownership includes "natural gas reserves and coal bed methane." (Am. Compl. ¶ 6.) The coal itself, they allege, was conveyed away in a severance deed in 1887 by their predecessors in title. Coal was mined from the property by defendant Island Creek Coal Company ("Island Creek") through its Beatrice Mine.

The plaintiffs allege that the defendant Consolidation Coal Company, in the course of mining on nearby property, caused "untreated water" containing "pollutants, contaminants or hazardous substances," to be "secretly place[d]" in the underground mine voids left in the Beatrice Mine. (*Id.* ¶¶ 3, 5, 9, 10.) Island

---

[2] Subject-matter jurisdiction is based upon specific allegations of diversity of citizenship and amount in controversy. The plaintiffs also claim federal question jurisdiction, but state no detail in that regard, other than a reference to "Federal Question-CERCLA." (Am. Compl. 2.)

Creek is alleged to be owned by defendant CONSOL Energy Inc., also the parent of defendant Consolidation Coal Company. It is alleged that these defendants, as well as defendant CNX Gas Company LLC ("CNX Gas"), intentionally concealed the placement of water in the mine voids.[3]

The plaintiffs allege that these actions have damaged them by making production of their existing natural gas more difficult or impossible. They assert causes of action against Consolidation Coal Company based upon trespass, unjust enrichment, negligence, nuisance, and conversion. They assert a cause of action against Island Creek for waste and against Island Creek, CNX Gas, and CONSOL Energy Inc., for breaches of duties under agreements and orders relating to the production of the gas owned by the plaintiffs.

In their Motion to Dismiss, the defendants contend that the plaintiffs have failed to plead facts showing their standing to bring their claims. The defendants assert that pursuant to a Virginia statute, Va. Code Ann. § 55-154.2(A) (2012), the plaintiffs cannot be the owners of the mine voids themselves, and thus have no standing to claim any damages resulting from the insertion of water into the voids. In response, the plaintiffs dispute the defendants' interpretation of the statute and in the alternative argue that if it is interpreted as plaintiffs contend, the statute is unconstitutional.

---

[3] "Mine voids" are defined by the plaintiffs as "open spaces . . . created by mining activity." (Am. Compl. ¶ 10.)

The Motion to Dismiss has been briefed and argued and is ripe for decision.[4]

II

The plaintiffs' claim is not unique. In *Levisa Coal Co. v. Consolidation Coal Co.*, 662 S.E.2d 44 (Va. 2008), Levisa Coal Company ("Levisa") sued for an injunction against Consolidation Coal Company ("Consolidation"), one of the parties here, seeking to prevent the discharge of wastewater from one mine into an idled coal mine called the VP3 Mine. Levisa, which had leased the coal and coal mining rights for the VP3 Mine to Consolidation's predecessor, contended that the continued presence of the wastewater would harm its ability to extract the coalbed methane and other coal seams from the property. While the trial court denied relief, the Supreme Court of Virginia reversed, holding that because the original severance deed of the coal had not granted the right to the owner of the coal to use

---

[4] Oral argument was held on the Motion to Dismiss on July 31, 2013. Thereafter, because the constitutionality of the state statute had been drawn into question, I notified the then-Attorney General of Virginia, Kenneth T. Cuccinelli, II, of that issue in the case and granted him 60 days to intervene on the question of the statute's constitutionality. (Certificate Pursuant to 28 U.S.C. § 2403, Aug. 1, 2013, ECF No. 30.) However, the Attorney General did not intervene. Following that delay, I then allowed the defendants to file an additional brief on the constitutional issue, which issue had been raised initially by the plaintiffs in a surreply brief on the Motion to Dismiss. On December 9, 2013, I advised the parties that the Motion to Dismiss was finally deemed submitted for decision without further briefing. The defendants have now appropriately advised the court of a recent ruling (February 25, 2014) by a state trial court upholding the constitutionality of the statute in question, which supplemental authority the plaintiffs have responded to. While the plaintiffs have also requested that I strike the submission of the supplemental authority, I will deny that request.

the property for the support of mining operations on other tracts of land, Levisa could not have leased that right to Consolidation and thus Consolidation was without a legal right to discharge the wastewater into the VP3 Mine. 662 S.E.2d at 52.[5]

In the *Levisa* case, as in this case, Consolidation contended that the plaintiff lacked standing because it had no current possessory interest in the VP3 Mine voids where the wastewater from other mines was stored. *Id.* at 48. However, the Virginia court rejected that argument, holding that because there was a claim that the inundation of the VP3 Mine would potentially damage Levisa's right to the gas deposits associated with the mine, there was sufficient standing. *Id.*

Similar lawsuits have also been filed in this court. In *Powers v. Consolidation Coal Co.,* No. 1:12CV00039, 2013 WL 56325, at *1 (W.D. Va. Jan. 3, 2013), I denied a motion to dismiss on the ground that the complaint adequately set forth a plausible claim that the inundation of the mine with water from another mine would adversely affect the plaintiffs' ability to extract the coalbed methane gas that they owned. In *C.L. Ritter Lumber Co. v. Consolidation Coal Co.*, No. 1:11CV00019, 2011 WL 4963195, at *1 (W.D. Va. Oct. 19, 2011), I denied the defendants' motion to dismiss for the same reason. In *Oryn Treadway Sheffield,*

---

[5] The court also directed the trial court to consider whether Levisa had an adequate remedy at law, that is, for money damages, thus precluding injunctive relief. *Id.* at 53-54.

*Jr., Trust v. Consolidation Coal Co.,* 819 F. Supp. 2d 625, 630-31 (W.D. Va. 2011), *aff'd*, 497 F. App'x 318 (4th Cir. 2012) (unpublished), I granted a motion to dismiss because there was no plausible claim made in the complaint that the inundation of the mine voids affected the plaintiffs' ability to extract any other minerals.

In the present case, consistent with my prior rulings, I find that the plaintiffs have standing to sue in light of their plausible allegation that their extraction of natural gas has been made more difficult or impossible by the inundation of the mine voids in the Beatrice Mine.

The common law rule in Virginia has been that mine voids are available to the owner of the coal as long as coal is being mined from the particular tract, but once the coal is exhausted, the ownership of the empty space once occupied by the coal reverts to the grantor of the coal by operation of law. *See Clayborn v. Camilla Red Ash Coal Co.*, 105 S.E. 117, 119 (Va. 1920) (holding that the coal owner has only an interest in the coal itself, with the "necessary incidental easement to use the containing walls for support and for the purpose of getting [the coal] out"). The defendants argue that the plaintiffs have not adequately pleaded exhaustion of the coal in this case in order to show reversion of the mine voids. However, I find that even if reversion were a necessity in order to support some of the plaintiffs' claims

— and I make no determination in that regard — it is implicit in the allegations of the Amended Complaint.

An important holding in the *Clayborn* case was that the coal operator could not use the mine voids for the transport of coal from other tracts, except as might be permitted by the severance deed. This holding, which the Supreme Court of Virginia recognized was a departure from the rule in other states, followed from the court's determination that "when nothing more is said than that the coal is granted, or that the coal is granted with the right to mine and remove it, nothing but the coal and the right to remove it ought to be understood to pass by the deed." 105 S.E. at 122. A Virginia statute, adopted in 1981, provides that except as otherwise provided in the severance deed, the owner of minerals "shall be presumed to be the owner of the shell, container chamber, passage, and space opened underground for the removal of the minerals, with full right to haul and transport minerals from other lands and to pass men, materials, equipment, water and air through such space." Va. Code Ann. 55-154.2(A). It is further provided in the statute that these provisions "shall not affect contractual obligations and agreements entered into prior to July 1, 1981." *Id.*[6]

---

[6] The statute was recently amended by the Virginia General Assembly, 2012 Va. Acts ch. 695, by adding subsections, which are not relied upon here. The portion of the statute relied upon by the defendants became subsection A. The statute has never been construed by any reported decision of the Virginia Supreme Court.

It is contended that this statute expressly allows the storage of water from other mines in the Beatrice Mine voids, thus relieving the defendants of any liability claimed, at least in the absence of any rebuttal of the presumption. The plaintiffs argue that because the severance deed was entered into before 1981, the statute does not apply. The defendants assert that a severance deed is not a "contractual obligation[] [or] agreement[]" and thus that provision of the statute is inapplicable. Alternatively, the plaintiffs contend that the statute is unconstitutional.

The facts of the case are insufficient at this time to decide these issues, particularly in light of apparent ambiguities in the statute. Does "passage" of the water in the mine voids describe what has happened in this case? Does the clause permitting the "right to haul and transport minerals from other lands" also apply to the water stored in the Beatrice Mine voids? While the right to the use of the mine voids by the defendants and the effect, if any, of the Virginia statute on that right may be relevant to the ultimate resolution of this case, I cannot resolve the applicability of the statute — and certainly its constitutionality — at this point in the litigation.

III

The plaintiffs concede that they have not adequately pleaded the violation of any duty established under agreements and orders relating to the production of coalbed methane. I will grant the Motion to Dismiss to that extent but allow the plaintiffs leave to amend in that regard. The defendants also seek a more definite statement of the plaintiffs' claim, in order that it might be determined whether the applicable statute of limitations applies. However, because the statute of limitations is an affirmative defense, I do not find that relief appropriate. *See Powers*, 2013 WL 56325, at *2.

Accordingly, it is **ORDERED** as follows:

1. Defendants' Motion to Dismiss Plaintiffs' Complaint and, in the Alternative, Motion for a More Definite Statement (ECF No. 12) is GRANTED IN PART AND DENIED IN PART;

2. Plaintiffs' claims set forth in Counts VII and VIII of the Amended Complaint are DISMISSED because they do not set forth sufficient facts as to the duties claimed to have been violated and the sources of such duties, provided that the plaintiffs are granted leave to file an Amended Complaint as to such counts in order to remedy such insufficiencies, and further provided that the Amended Complaint must be filed within 14 days of the date of entry of this Order;

3. Defendants' Motion to Dismiss is otherwise DENIED; and

4. Plaintiffs' Motion to Strike Supplemental Authority (ECF No. 48) is DENIED.

          ENTER: March 18, 2014

          /s/ James P. Jones
          United States District Judge