# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **DIANNA L. GRAHAM, ET AL.,** ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:13CV00011 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CONSOLIDATION COAL COMPANY,** ) | By: James P. Jones |
| **ET AL.,** ) | United States District Judge |
| ) | |
| Defendants. ) | |

*Terrence Shea Cook, T. Shea Cook, P.C., Richlands, Virginia, for Plaintiffs; James R. Creekmore and Blair N. C. Wood, The Creekmore Law Firm PC, Blacksburg, Virginia, Jonathan T. Blank and Kristin Davis, McGuire Woods LLP, Charlottesville, Virginia, David Grant Altizer and Mandy Varney French, Altizer, Walk & White PLLC, Tazewell, Virginia, for Defendants.*

Pending before the court is the Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and (7). For the reasons stated, the motion will be granted in part and denied in part.

I.

The plaintiffs' essential claim in this lawsuit is that a mining company, faced with getting rid of excess wastewater from an underground coal mine, and prohibited from discharging the water into local streams, diverted the water into

the underground mine voids located beneath the plaintiffs' land.[1]  For this conduct, the plaintiffs seek compensatory and punitive damages, as well as injunctive relief.[2]

More specifically, plaintiffs allege that they are the owners of real property called the Beatrice Tracts located in Buchanan County, Virginia, which ownership includes "natural gas reserves, including coal bed methane."  (Second Am. Compl. ¶ 5, ECF No. 62.)  The coal itself was conveyed away in a severance deed in 1887 by their predecessors in title, and the plaintiffs have not identified the current owner of the coal estate in their Second Amended Complaint.[3]  The coal, however, was allegedly mined from the property by the defendant Island Creek Coal Company ("Island Creek") through its Beatrice Mine.

The plaintiffs allege that the defendant Consolidation Coal Company ("Consolidation"), in the course of mining on nearby property, caused "untreated water" containing "pollutants, contaminants, and hazardous substances," to be "secretly place[d]" in the underground mine voids left in the Beatrice Mine.  (*Id.* ¶¶

---

[1] "Mine voids" are defined by the plaintiffs as "open spaces . . . created by mining activity."  (Second Am. Compl. ¶ 26, ECF No. 62.)

[2] Subject-matter jurisdiction is based upon specific allegations of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

[3] The plaintiffs have identified Harrison-Wyatt, L.L.C., as the current owner of the coal estate and successor to the original grantee of the coal severance deed in their Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiffs' Second Amend Complaint.

14, 16, 22, 26). Island Creek is allegedly owned by the defendant Consol Energy, Inc. ("Consol"), which is also alleged to be the parent company of Consolidation. The plaintiffs allege that the defendants intentionally concealed the placement of water in the mine voids.

The plaintiffs contend that these actions have damaged them by making production of their existing natural gas more difficult or impossible. They assert causes of action against Consolidation based on trespass, trespass-assumpsit, negligence, nuisance, waste, and conversion. They also assert a cause of action against Island Creek for waste. The plaintiffs have not asserted any causes of action against Consol; however, they have requested an award of punitive damages against all defendants.

In their Motion to Dismiss, the defendants assert three arguments. Pursuant to Rule 12(b)(6), the defendants argue that the plaintiffs' cause of action for waste against Consolidation must be dismissed because the plaintiffs have not alleged that Consolidation had possession of the property where the alleged waste occurred. The defendants' also assert that the plaintiffs' cause of action seeking an award of punitive damages against Consol must be dismissed because punitive damages cannot serve as a standalone cause of action absent an independent tort claim against Consol. Additionally, the defendants contend that the plaintiffs have

failed to join an indispensable party, the coal estate owner, pursuant to Federal Rule of Civil Procedure 19.

The Defendants' Motion to Dismiss has been briefed and is ripe for decision.

II.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the pleader has properly stated a cognizable claim. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a pleading, the court must accept as true all well-pleaded facts and construe those facts in the light most favorable to the pleader. *Ashcroft*, 556 U.S. at 678.

The defendants assert that Count VI of the Second Amended Complaint, asserting a cause of action for waste against Consolidation, must be dismissed because the plaintiffs have not alleged that Consolidation had possession of the property where the alleged waste occurred. The defendants argue that establishing possession of the property is an essential element for asserting a waste claim under Virginia law.

In response, the plaintiffs broadly assert that "the Defendants are co-tenants of the property by the overlapping of the separate and exclusive mineral and real property estate." (Pls.' Mem. in Opp'n to Defs.' Mot. to Dismiss Pls.' Second Am. Compl. 10, ECF No. 70.) Stated differently, the plaintiffs assert that Consol is the parent company of Island Creek and Consolidation, and ratified the diversion of water into the mine voids beneath their property. The plaintiffs' co-tenancy theory is thus based on the alleged parent-subsidiary relationship of the defendants.

Pursuant to Virginia law, "waste is defined as '[a] destruction or material alteration or deterioration of the freehold, or of the improvements forming a material part thereof, by any person *rightfully in possession*, but who has not the fee title or the full estate.'" *Chosar Corp. v. Owens*, 370 S.E.2d 305, 307 (Va. 1988) (quoting *Black's Law Dictionary* 1425 (5th ed. 1979) (emphasis added). Similarly, "[i]f any tenant of land or any person who has aliened land commit any waste thereon, while he *remains in possession*, unless by special license so to do, he shall be liable to any party injured, for damages." Va. Code Ann. § 55-211 (emphasis added). Therefore, under Virginia law, possession is an essential element for asserting a cause of action for waste. *Mims St. Ltd. Liab. Co. v. G.D.C., Inc.*, No. 139929, 1995 WL 1056033, at * 3 (Va. Cir. Dec. 4, 1995) ("[S]tatutory and common law waste require the necessary possessory interest for liability to adhere."); *see also* 20 *Michie's Jurisprudence of Virginia and West*

-5-

*Virginia, Waste* § 2 ("Waste is committed by one lawfully in possession, while the same act committed by a stranger would be trespass."); 93 C.J.S. *Waste* §10 ("Waste can only be committed by an owner of a possessory estate.").

According to the plaintiffs' Second Amended Complaint, Consolidation did not have a property interest in the Beatrice Mine property, but in land located adjacent to the plaintiffs' property. In fact, the plaintiffs' assert in their response that the Beatrice Mine property was "leased to Island Creek." (Pls.' Mem. in Opp'n 8, ECF No. 70.) The plaintiffs have not alleged that Island Creek granted Consolidation any possessory interest in the subject property based on its lease rights. Rather, the plaintiffs assert that Consolidation's interest in the plaintiffs' property was based on Consol's alleged ratification of the diversion of water by its subsidiaries, Island Creek and Consolidation, into the mine voids beneath the plaintiffs' property. Accepting this allegation as true, Consolidation lacks the necessary possessory property interest required to assert a waste claim under Virginia law.

Pursuant to the plaintiffs' current allegations, Consolidation's interest in the subject property may be nothing more than a non-possessory interest, like a license. Under Virginia law, a license "is a privilege to do one or more acts on another's land without possessing any interest therein." *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Corp.*, 65 F.3d 1113, 1120-21 (4th Cir. 1995);

*see also Bunn v. Offutt*, 222 S.E.2d 522, 525 (Va. 1976) (defining a license as "a right, given by some competent authority to do an act which without such authority would be illegal, a tort, or a trespass." (internal quotation marks and citation omitted)). Unlike a lease or an easement, a license does not convey a possessory interest in the subject property. *Cf. Mgmt. Enters., Inc. v. Thorncraft Co.,* 416 S.E.2d 229, 230 (Va. 1992) (regarding a hunting license to property); *United States v. 180.37 Acres of Land*, 254 F. Supp. 209, 211–12 (W.D. Va. 1966) (regarding a mining license); *Church v. Goshen Iron Co.*, 72 S.E. 685, 685 (Va. 1911) (same). Because a license lacks a possessory interest, it is an insufficient interest to establish waste. Under these circumstances, the plaintiffs' cause of action for waste fails as a matter of law.

The defendants also assert that Count IX of the Second Amended Complaint, seeking an award of punitive damages against Consol, must be dismissed because punitive damages cannot serve as a standalone cause of action absent an independent tort claim against Consol. In response, the plaintiffs acknowledge that their claim for punitive damages against Consol cannot constitute a standalone cause of action. The plaintiffs contend, however, that there are sufficient factual allegations in the Second Amended Complaint to establish that Consol ratified the allegedly wrongful actions of its subsidiaries and sought to conceal the diversion of water into the mine voids beneath the plaintiffs' property.

-7-

The plaintiffs did not frame these factual allegations in the form of proposed causes of action, nor is it clear how Consol's alleged conduct could be included within the existing trespass or waste claims asserted against Consolidation and Island Creek.

Under Virginia law, a claim for punitive damages is a remedy and cannot constitute a standalone cause of action. *See RMA Lumber, Inc. v. Pioneer Mach., LLC*, No. 6:08-CV-00023, 2008 WL 4693564, at *9 (W.D. Va. Oct. 24, 2008); *Hawkins v. Martin*, No. LP-161-1, 2002 WL 31989099, at * 2 (Va. Cir. July 9, 2002); *cf. Murray v. Hadid*, 385 S.E.2d 898, 905 (Va. 1989) ("[A]n award of punitive damages must be predicated upon an award of compensatory damages."). The plaintiffs have not alleged any independent tort claim against Consol in the Second Amended Complaint. Other than the plaintiffs' claim for punitive damages, the only causes of action asserted in the Second Amended Complaint are against Island Creek and Consolidation. As a result, the plaintiffs' claim against Consol must fail as a matter of law. I make this determination, however, without prejudice to any right, if any, the plaintiffs may have to request leave to amend to assert a tort claim against Consol. <u>If the plaintiffs seek to amend, they must first submit any proposed amendment to the court in order to determine whether, on the specific facts alleged, any such claim is plausible and thus is not futile.</u>

The defendants also assert that under Rule 12(b)(7), the plaintiffs have failed to add a necessary party; specifically, the owner of the coal estate associated with the plaintiffs' property. The defendants assert that the plaintiffs seek to "divest the coal owner of its interest in the Mine Voids and rule that the Mine Voids are now owned by Plaintiffs." (Defs.' Mem. Supp. Mot. Dismiss Pls.' Second Am. Compl. 4, ECF No. 67.) Moreover, the defendants argue that the plaintiffs have failed to "demonstrate[] that the coal estate actually has been exhausted," as would be required to divest the coal owner of its interest in the mine voids. (Defs.' Reply Mem. Supp. Mot. Dismiss Pls.' Second Am. Compl. 1, ECF No. 74.)

Pursuant to the rules, a defendant may seek dismissal of an action based on a plaintiff's "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). As stated by the Fourth Circuit:

> Rule 19 of the Federal Rules of Civil Procedure sets forth a two-step inquiry for courts to determine whether a party is "necessary" and "indispensable." The first question under Rule 19(a) is "whether a party is necessary to a proceeding because of its relationship to the matter under consideration." . . . Second, if the party is necessary but joining it to the action would destroy complete diversity, the court must decide under Rule 19(b) "whether the proceeding can continue in that party's absence."

*Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014) (internal quotation marks and citations omitted).

"A party might be necessary under either Rule 19(a)(1)(A) or (B)." *Id.* at 434. In short, "'Rule 19(a)(1)(A) focuses on the relief to existing parties, whereas

Rule 19(a)(1)(B) focuses on the interest of the absent person and the effect, if any, his absence would have on either himself or the existing parties.'" *Marina One, Inc. v. Jones*, No. 4:13cv117, 2014 WL 896989, at *7 (E.D. Va. Mar. 5, 2014) (quoting *Pettiford v. City of Greensboro*, 556 F. Supp. 2d 512, 517 (M.D.N.C. 2008)).

In this case, the defendants do not state whether they rely on Rule 19(a)(1)(A) or (B); however, their focus on alleged prejudice to the owner of the coal estate implies that they are relying on the latter. Under Rule 19(a)(1)(B),

> a non-joined party is necessary to an adjudication if it "claims an interest relating to the subject of the action" and its absence would either conflict with its "ability to protect the interest," Rule 19(a)(1)(B)(i), or "leave an existing party subject to substantial risk of incurring . . . inconsistent obligations because of the interest," Rule 19(a)(1)(B)(ii). Each of these criteria requires that [the court] attempt to forecast the future course of th[e] litigation, which of course is no simple matter.

*Hanna*, 750 F.3d at 434. Presumably, the defendants' argument falls under Rule 19(a)(1)(B)(i), which requires a court to "consider a non-joined party's ability to protect its own interests." *Id.*

The facts of record are currently inadequate for me to determine whether there are other parties whose joinder is necessary under Federal Rule of Civil Procedure 19(a) and who are indispensable under Rule 19(b). Dismissal of a case on this ground is "a drastic remedy, however, which should be employed only sparingly." *Teamsters Local Union No. 171 v. Keal Driveway Co.*, 173 F.3d 915,

918 (4th Cir. 1999). The court is required to "examine the facts of the particular controversy" before such a determination can be made. *Id.* Moreover, the burden is on the party claiming nonjoinder to demonstrate that a missing party is "necessary and indispensable." *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).

At a minimum, the defendants have failed to demonstrate that the owner of the coal estate is necessary to this litigation based merely on their assertion that the plaintiffs' seek to divest the coal owner of its property interest in the coal estate. Put simply, the Second Amended Complaint does not contain a cause of action to quite title to the property; terminate a lease interest in the coal estate; or other similar relief. In fact, the Second Amended Complaint merely asserts various tort claims against a third party, Consolidation, and a waste claim against an alleged lessee, Island Creek. As a result, the plaintiffs' tort claims are based on alleged injuries to the property, and do not seek to terminate any individual or entity's interest in the property.

Furthermore, the defendants' argument that plaintiffs have not demonstrated exhaustion of the coal resource was previously addressed by the court in its opinion addressing the defendants' first Motion to Dismiss based on the plaintiffs' lack of standing. *See Graham v. Consolidation Coal Co.*, No. 1:13CV00011, 2014 WL 1050420, at *2–3 (W.D. Va. Mar. 18, 2014). In that opinion, I noted that it

-11-

was unclear whether reversion was even necessary to support the defendants' claims and, if it was, that this issue would require resolving the applicability of Virginia case law and statutory law, which was not possible at that point in the litigation. *Id.* at *3. I am still of the same opinion. The defendants may raise the issue of indispensability later in this proceeding based on further development of the factual record. *See Fetzer v. Cities Serv. Oil Co.*, 572 F.2d 1250, 1253 n.6 (8th Cir. 1978).

III.

For the foregoing reasons, it is **ORDERED** that the Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 66) is GRANTED IN PART AND DENIED IN PART as follows:

1. The Motion to Dismiss Count VI of the Second Amended Complaint, asserting a cause of action for waste against Consolidation Coal Company, is GRANTED and said count is DISMISSED;

2. The Motion to Dismiss Count IX of the Second Amended Complaint, to the extent it seeks an award of punitive damages against Consol Energy, Inc., is GRANTED and defendant Consol Energy, Inc., is DISMISSED as a party to this case; and

3. The Motion to Dismiss pursuant to Rule 12(b)(7) for failure to add a necessary party is DENIED without prejudice.

ENTER: December 10, 2014

/s/  James P. Jones
United States District Judge