# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| DIANNA L. GRAHAM, ET AL., | ) |
| Plaintiffs, | ) Case No. 1:13CV00011 |
| v. | ) **OPINION AND ORDER** |
| CONSOLIDATION COAL COMPANY, ET AL., | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*April D. Ferrebee and Marvin W. Masters, The Masters Law Firm lc, Charleston, West Virginia, and Terrence Shea Cook, T. Shea Cook, P.C., Richlands, Virginia, for Plaintiffs; Jonathan T. Blank and Larissa LPC Sneathern, McGuire Woods LLP, Charlottesville, Virginia, and David Grant Altizer and Mandy Varney French, Altizer, Walk and White PLLC, for Defendants.*

On June 22, 2015, the defendants in this civil action moved for summary judgment. As of July 21, 2015, the plaintiffs had not filed a response to the defendants' motions. As a result, I entered an order notifying the parties that the defendants' motions were deemed submitted for decision without further briefing or argument. The plaintiffs promptly filed a motion requesting the court to vacate the order, or, in the alternative, to grant an extension of time to file a response to the defendants' summary judgment motions.

The plaintiffs' motion to vacate has been fully briefed by the parties and is ripe for decision. For the following reasons, I will vacate my order and provide the plaintiffs with an extension of time.

In the initial Scheduling Order for this proceeding, I instructed the parties that "[m]otions for summary judgment must be filed no later than January 2, 2015. Any response to the motion, including the brief in opposition, must be filed no later than 14 days after service of the motion." (Scheduling Order ¶ 6, ECF No. 52.) During the course of this proceeding, this Scheduling Order has been modified numerous times, including changes to deadlines associated with summary judgment motions. For example, pursuant to the current Second Amended Scheduling Order, drafted by the parties and entered by the magistrate judge, the parties were required "to file summary judgment motions by August 7, 2015." (Second Am. Scheduling Order ¶ 2.f., ECF No. 101.) In turn, the parties were "to file responses to . . . motions for summary judgment by August 21, 2015." (*Id.* ¶ 2.g.) In spite of these changes, however, the order noted that "other deadlines in the Scheduling Order, (Docket Item No. 52), remain the same." (*Id.* ¶ 3.)

Pursuant to the court's local rules, "[u]nless otherwise directed by the Court, the opposing party [to a motion] must file a responsive brief and such supporting documents as are appropriate within 14 days after service." W.D. Va. Civ. R. 11(c)(1). The instruction contained within the initial scheduling order in this

proceeding is consistent with Local Rule 11(c)(1) in that it recognizes that motions may be filed prior to a defined deadline, but still trigger only fourteen days in which to respond.

The plaintiffs contend, however, that they believed the date contained in the Second Amended Scheduling Order set a firm deadline for any summary judgment response, regardless of when the summary judgment motion was filed. More specifically, the plaintiffs argue that when the defendants filed for summary judgment on June 22, 2015, they believed that they had until August 21, 2015, to respond. Stated differently, the plaintiffs believed that they had approximately two months to respond as a result of the Second Amended Scheduling Order.

In support of their position, the plaintiffs reference Local Rule 16, which states that "[t]he scheduling order shall govern any deadline fixed or procedure ordered that is in conflict with that contained in these rules." W.D. Va. Civ. R. 16. The plaintiffs argument is based on the use of "by" in the Second Amended Scheduling Order, as opposed to the use of "no later than" in the initial scheduling order and "within" in Local Rule 11(c)(1).

In turn, the defendants contend that the language of the Second Amended Scheduling Order did not abrogate, nor is it in conflict with, the timing requirements imposed by Local Rule 11(c)(1) or the court's initial scheduling order. In short, the defendants argue that the language reflects a date certain for

any reply, and not the last possible date a response could be entered regardless of when a summary judgment motion was actually filed.

As a practical matter, I believe that the defendants' position is in harmony with the spirit of the local rules and the initial scheduling order for this proceeding. However, I also recognize the potential ambiguity created by the wording of the Second Amended Scheduling Order. As a result, I find it appropriate to consider whether the plaintiffs' failure to timely respond was the result of excusable neglect.

Pursuant to Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Fourth Circuit has recognized five factors to consider in determining whether a party has demonstrated "excusable neglect." Specifically, a court will consider (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith. *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996); *see also Martinez v. United* States, 578 F. App'x 192, 195 n.* (4th Cir. 2014) (unpublished) ("Excusable neglect generally has the same meaning throughout the federal procedural rules."). Moreover, "[t]he

-4-

Case 1:13-cv-00011-JPJ-PMS   Document 143   Filed 07/27/15   Page 4 of 6   Pageid#: 3094

most important of the factors identified . . . for determining whether 'neglect' is 'excusable' is the reason for the [delay]." *Cf. Thompson*, 76 F.3d at 534 (addressing the failure to file a notice of appeal within 30 days of the entry of judgment).

In this case, I find that the ambiguity created by the conflicting language of the scheduling orders in this case is sufficient to establish excusable neglect. Moreover, I find that the plaintiffs acted in good faith based upon their interpretation of the various scheduling orders. Additionally, the plaintiffs' delay does not present a risk of prejudice to the defendants and does not negatively impact the progression of this litigation.

Nonetheless, the plaintiffs are directed to file a response to the defendants' summary judgment motions <u>no later than August 7, 2015</u>. Pursuant to Local Rule 11(c)(1), the defendants may file a rebuttal brief within 7 days after service of the plaintiffs' reply brief. Also, if the plaintiffs elect to file a motion for summary judgment, they must do so no later than August 7, 2015. Any summary judgment motion filed by the plaintiffs will be subject to the timing requirements imposed by Local Rule 11(c)(1).

For these reasons, the plaintiffs' Motion to Vacate (ECF No. 132) is GRANTED in part and DENIED in part and the court's Order entered July 21,

-5-

Case 1:13-cv-00011-JPJ-PMS   Document 143   Filed 07/27/15   Page 5 of 6   Pageid#: 3095

2015 (ECF No. 131) is VACATED. The parties must comply with the modified schedule set forth herein.

It is so **ORDERED**.

ENTER: July 27, 2015

/s/  James P. Jones
United States District Judge